| | | | |
|---|---|---|---|
| Case No. | **CV 17-6246-DMG (JEMx)** | Date | August 24, 2017 |
| Title | *EVEMeta, LLC v. Siemens Convergence Creators Holding GmbH et al* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

Defendants Siemens Convergence Creators Holding GmbH ("CVC Holding"), Siemens Convergence Creators GmbH ("CVC GmbH"), Robert Sean Parkinson, and Michael Quan removed this action from Los Angeles County Superior Court to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. ("Removal Notice") [Doc. # 1.]

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, (1806)). The existence of diversity depends upon the citizenship of the parties named, regardless of whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Soo v. United Parcel Serv., Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). The removing party has the burden of demonstrating diversity. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

According to Defendants, Plaintiff EVEMeta, LLC is a citizen of California. Removal Notice at ¶ 7. Defendants also claim that CVC Holding and CVC GmbH are both citizens of Germany, Parkinson is a citizen of Florida, and Quan is a citizen of California. Removal Notice at ¶¶ 8–11. In an effort to establish jurisdiction, Defendants contend that Quan is a fraudulently joined defendant who should be ignored for the purpose of determining diversity. *See* Removal Notice at 9–14.

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6246-DMG (JEMx)** | Date | August 24, 2017 |
|---|---|---|---|
| Title | ***EVEMeta, LLC v. Siemens Convergence Creators Holding GmbH et al*** | Page | 2 of 2 |

*Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks omitted). Fraudulently joined defendants are "ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The removing party has the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "The defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that "plaintiff would *not be afforded leave to amend his complaint to cure* the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added).

Here, Plaintiff asserts a claim for tortious interference with contract against all Defendants. Complaint at 24–25 [Doc. # 1].[1] Defendants argue that Plaintiff does not state such a claim against Quan because Plaintiff fails to adequately allege the causation and damages elements of that cause of action. Removal Notice at 9–14.

Even assuming that Defendants' assertion is correct, they fail to advance any argument that Plaintiff would not be afforded leave to amend to cure these purported deficiencies. *See* Removal Notice at 1–15. In fact, the Removal Notice suggests that these defects stem from Plaintiff's purported failure to allege sufficient facts to establish these elements, which can often be cured by more detailed allegations. *See, e.g.*, Removal Notice at ¶ 36 (arguing that Plaintiff "does not . . . explain how . . . financing [allegedly secured by Quan] induced [a third-party] to breach [a contract] it had entered into with Plaintiff"); *id.* at ¶ 43 (asserting that Plaintiff cannot recover damages in part because it has not alleged that any sales relating to a contract had occurred).

Accordingly, because it is not clear that Defendant Quan was fraudulently joined, Defendants are hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendants shall file a response by no later than **August 31, 2017**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** Plaintiff shall file a reply, if any, by **September 7, 2017. Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**

---

[1] Plaintiff also raises other claims against only CVC Holding and CVC GmbH. *See* Compl. at 1–2, 25–29.