UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6246-DMG (JEMx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | ***EVEMeta, LLC v. Siemens Convergence Creators Holding GmbH, et al.*** | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On August 24, 2017, the Court issued an Order to Show Cause ("OSC") questioning Defendants' claim in their Removal Notice that Defendant Michael Quan was fraudulently joined.[1] [Doc. # 8.] The parties have since briefed this issue. [Doc. ## 47, 48, 51, 52.][2] For the reasons discussed in this Order, the Court concludes that Defendants have failed to show that Plaintiff fraudulently joined Quan as a Defendant. Therefore, the Court remands this matter to the Los Angeles County Superior Court.

Pursuant to 28 U.S.C. § 1332(a)(1), a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. An action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. 28 U.S.C. § 1441(a). Fraudulently joined defendants are "ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). To demonstrate that the removal of an action involving a non-diverse defendant was proper, the removing party must show fraudulent joinder by "clear and convincing evidence." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Specifically, "[t]he defendant must show that there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that "plaintiff would *not be afforded leave to amend his complaint to cure* the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added).

---

[1] Defendants concede in their Removal Notice that Defendant Quan and Plaintiff are both citizens of California. *See* Removal Notice at ¶¶ 7, 11 [Doc. # 1.]

[2] Doc. # 47 is Defendants' response to the OSC that was filed under seal, whereas Doc. # 48 is the redacted version of that response. Similarly, Doc. # 51 is Plaintiff's reply that was filed under seal, while Doc. # 52 is the redacted version of that document.

This case involves "back-to-back contracts" in which non-party Siemens Convergence Creators Corporation ("CVC U.S.")[3] authorized Plaintiff to distribute live-stream video software to non-party Synacor, Inc. for use by Synacor's subscribers, and Plaintiff in turn executed an agreement with Synacor wherein Plaintiff would sell Synacor the software and provide transcoding services relating thereto. *See* Compl. at ¶¶ 33–37. Plaintiff alleges that Defendants induced Synacor to breach its agreement with Plaintiff so that Synacor could contract directly with CVC U.S. for the right to use the live-stream video software. *See, e.g.*, *id.* at ¶ 80. Although Plaintiff asserts multiple causes of action in the instant action, Quan is named as a Defendant only in connection with Plaintiff's claim for tortious interference with contract. *See id.* at 1, 24–25.

To state a claim for tortious interference with a contract, "a plaintiff must allege '(1) the existence of a valid contract between itself and a third party for a specific term; (2) defendant's knowledge of that contract; (3) defendant's intentional procuring of its breach; and (4) damages.'" *See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, 100 F. Supp. 2d 178, 186 (S.D.N.Y. 2000) (quoting *Riddell Sports Inc. v. Brooks*, 872 F. Supp. 73, 77 (S.D.N.Y. 1995)).[4] "In addition, the plaintiff must assert that defendant's actions were the 'but for' cause of the alleged breach of contract—that is, that there would not have been a breach but for the activities of the defendant." *Id.* Defendants contend that Plaintiff is incapable of establishing that: (1) Quan was the "but for" cause of Synacor's breach of its contract with Plaintiff, and (2) Plaintiff suffered damages as a result of that breach. *See* Defs.' Resp. at 6–10. Neither argument is persuasive.

With regard to the first argument, Defendants claim that Plaintiff's averments show that "Synacor was predisposed to breach" its contract with Plaintiff because Quan (in his capacity as Chief Financial Officer of CVC U.S.) and the other Defendants allegedly colluded with Synacor for that purpose. *See* Defs.' Resp. at 7–9. Nonetheless, under New York law, "collusion between the breaching party and the interfering party cannot be dispositive of the 'but for' inquiry." *See Antonios*, 100 F. Supp. 2d at 187. Such collusion will not preclude a finding of "but for" causation if the breaching party could not have violated the contract without the involvement of the defendant. *See id.* at 187 & n.7.

---

[3] The Complaint avers that CVC U.S. is the "California-domiciled subsidiary" of Defendant Siemens Convergence Creators Holding GmbH ("CVC Holding") and Defendant Siemens Convergence Creators GmbH ("CVC GmbH"). *See* Compl. at ¶¶ 1–2, 34 [Doc. #1].

[4] Defendants argue that New York law applies to Plaintiff's claim against Quan because Plaintiff's agreements with CVC U.S. and Synacor each include New York choice-of-law clauses. *See* Defs.' Resp. at 5–6. For the purpose of this Order, the Court assumes, without deciding, that New York law governs.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6246-DMG (JEMx)** | Date | September 28, 2017 |
|---|---|---|---|
| Title | ***EVEMeta, LLC v. Siemens Convergence Creators Holding GmbH, et al.*** | Page | 3 of 4 |

Defendants acknowledge that this is how "but for" causation functions under New York law, but they argue in a conclusory fashion that "the alleged breaching party in this case (Synacor) would have been able to commit the breach without Quan." *See* Def.'s Resp. at 8. Yet, the Complaint's allegations indicate that the breach could not have occurred without at least the participation of non-party CVC U.S., given that it held the rights to the software in question.[5] *See, e.g.*, Compl. at ¶ 35 (alleging that Plaintiff and CVC U.S. executed an agreement "pursuant to which [Plaintiff] became a reseller of [the] OTT platform"). Further, the Complaint alleges that Quan and Defendant Sean Parkinson (then-Chief Executive Officer of CVC U.S.) executed a contract on behalf of CVC U.S. that appointed Synacor as the reseller of the software, which was "predicated on Synacor's termination of [its agreement] with [Plaintiff]." *See id.* at ¶¶ 5, 80. The Complaint further alleges that "in order to implement this scheme, [Quan] worked on financing arrangements to support Synacor's acquisition of a universal master license." *See id.* at ¶ 80. Even if these allegations alone somehow fail to demonstrate that Quan's involvement was essential to Synacor's plan to circumvent Plaintiff and directly obtain the rights to the software, Defendants have not shown that Plaintiff could not plead additional facts showing that Synacor's breach could not have occurred without Quan's personal participation. *See Padilla*, 697 F. Supp. 2d at 1159.

In regard to their second argument, Defendants contend that Plaintiff did not suffer damages as a result of Synacor's breach because under the "back-to-back contracts[,]" Plaintiff served as a "pass through" between Synacor and CVC U.S. such that Plaintiff would not earn a profit until Synacor's sales exceeded a particular threshold.[6] *See* Defs.' Resp. at 9–10. Defendants further claim that Plaintiff cannot demonstrate that Synacor's sales ever surpassed that baseline figure in sales. *See id.* Even if Defendants' assertions are correct, they still fail to show fraudulent joinder by "clear and convincing evidence." *See Hamilton*, 494 F.3d at 1206. Specifically, Defendants' theory is that upon Syancor's breach of its contract and refusal to pay Plaintiff, "[Plaintiff] remained obligated to pay CVC U.S. [certain fees], but no longer had a parallel source of expected revenue from Synacor." *See* Defs.' Resp. at 3 (citing Compl. at ¶¶ 37, 45, 70). Thus, had Synacor not breached its contract, Plaintiff would not have been required to absorb any losses resulting from its obligation to pay CVC U.S. Defendants' failure to even

---

[5] Defendants do not claim that this software was available from any other source. *See* Defs.' Resp. at 1–10.

[6] The Court has sealed documents that show the pricing and licensing structure of these back-to-back contracts because they constitute confidential information that Synacor's competitors may attempt to exploit. [Doc. ## 34, 43, 50.] Therefore, the Court does not reveal that information in this Order. Nonetheless, the parties do not dispute the particulars of the pricing and licensing structure of these contracts. *See* Defs.' Resp. at 1–3, 7–10; Pl.'s Reply at 6–8.

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-6246-DMG (JEMx)** | Date | September 28, 2017 |
|---|---|---|---|
| Title | *EVEMeta, LLC v. Siemens Convergence Creators Holding GmbH, et al.* | Page | 4 of 4 |

address—let alone refute—this conclusion is fatal to their contention that Plaintiff cannot show that it suffered any damages. *See* Defs.' Resp. at 9–10.

Accordingly, this action is hereby **REMANDED** to the Los Angeles County Superior Court.[7]

**IT IS SO ORDERED.**

---

[7] The Court **DENIES** Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c). *See* Pl.'s Reply at 9; *see also* 28 U.S.C. § 1447(c) ("An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added). Although Plaintiff's counsel's declaration includes her billing rate and the amount of time that she spent preparing the reply to Defendants' response, it does not indicate her level of experience or include information showing the reasonable hourly rate for attorneys in this jurisdiction. *See* Elul Decl. at ¶ 8 [Doc. # 52-1]; *see also Marlin Bus. Bank v. The Halland Cos., LLC*, 18 F. Supp. 3d 239, 242 (E.D.N.Y. 2014) (declining to award attorney's fees when counsel failed to provide such information). More importantly, Plaintiff does not advance any specific argument demonstrating that Defendants "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiff instead merely incorporates by reference its arguments in support of remanding this action to state court. *See* Pl.'s Reply at 9.